UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL BURK and AUTUMN BURK,

    Plaintiffs,

    v.

CONTEMPORARY HOME SERVICES, INC., et al.,

    Defendants.

CASE NO. C06-1459RSM

ORDER ON MOTIONS FOR CLASS CERTIFICATION

This matter comes before the Court for consideration of two motions for class certification filed by plaintiffs. Dkt. ## 14, 29. Plaintiffs initially moved for class certification pursuant to F.R.Civ.Proc. 23. Dkt. # 14. After defendants' response demonstrated that such certification is not proper for claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), plaintiffs filed a motion for certification of an "opt-in" class pursuant to FLSA § 216(b). Dkt. # 29. Defendants have opposed both motions. The Court deems oral argument unnecessary. The two motions shall be addressed separately.

**I. Motion for Class Certification pursuant to Rule 23**

This case arises from plaintiffs' employment as new construction cleaners for defendant Contemporary Home Services, Inc. ("CHS"). Plaintiff Carol Burk was hired on or about September 29, 2000. Plaintiff Autumn Burk, daughter of Carol Burk, was hired on or about February 9, 2001.

ORDER ON MOTIONS FOR CLASS CERTIFICATION - 1

Plaintiffs' duties included bringing CHS's equipment from home to the job site, replenishing supplies at the office, unloading the equipment at the job site, cleaning newly constructed homes, reloading the equipment, and traveling to the next job site. Plaintiffs also cleaned out vacuum bags and laundered towels and rags at home. They were paid $1.50 per load of laundry. Plaintiffs worked with defendant until April 2005.

The lawsuit alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Washington Minimum Wage Act, RCW 49.46 *et seq*. In particular, plaintiffs allege that they are entitled to wages (including overtime) for time spent in their commute to and from work at CHS because they had to transport CHS equipment. They also claim that CHS owes them additional wages because it required them to work off the clock emptying out vacuum bags, cleaning and maintaining equipment, and laundering towels and rags at home.

Plaintiffs move for class certification pursuant to Fed. R. Civ. P. 23, seeking certification of a proposed class defined as: "All former and current employees of Defendant Contemporary Home Services, Inc., employed from October 2003 until the present who were employed as new construction cleaners, residential cleaners, carpet cleaners, pressure washers, and janitorial workers." Dkt. #14 at 2. In the alternative, plaintiffs requested that the class be defined as: "All former and current new construction cleaner employees of Defendant Contemporary Home Services, Inc., employed from October 2003 until the present." *Id.* This request for class certification under Rule 23 is now deemed to apply only to the state law minimum wage act claim.

The requirements for certification of an opt-out class action are found in Rule 23(a), which states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

F.R.Civ.P. 23(a). Failure by the plaintiffs to meet any one of the Rule 23 requirements precludes class certification for the state law wage claims. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d 668,

ORDER ON MOTIONS FOR CLASS
CERTIFICATION - 2

673 (9th Cir. 1975). The Court deems it unnecessary to address all four class certification factors, because plaintiffs' claims fail to satisfy the requirement that the claims or defenses of the representatives be typical of the claims and defenses of the class, the so-called typicality requirement.

Plaintiffs argue that their claims are typical of the claims of the class members because they and the class members suffered similar damages---unpaid wages. They argue that these damages arise from defendants' failure to pay its employees for hours spent transporting and loading the employer's supplies and equipment, laundering towels off the clock, and cleaning the employer's supplies at home. Plaintiffs assert that the only significant variation in proof among class members relates to the amount of wages owed, and such questions are insufficient to defeat class certification.

In response, defendants contend that plaintiffs' claims are not typical of those of the class, and that class certification is inappropriate because the "putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Defendants present numerous declarations of current and former employees to show that potential class members rarely unloaded or reloaded supplies from their cars at home, that they emptied their work vacuums on the job as they were instructed to do, and that they preferred to use their commute time as their own personal time, in which they could handle personal tasks. Defendants also assert that the plaintiffs are atypical of the class in that they inflated the number of hours listed on their time sheets, smoked marijuana on the job, used CHS property for personal use, took excessive breaks, and engaged in other misconduct on the job. Defendants thus assert that they will have an offset defense against plaintiffs which is likely to dominate any trial.

The purpose of the typicality requirement is to assure that the interests of the named representatives align with the interests of the class. *Hanon*, 976 F.2d at 508. A plaintiff's claims are typical "if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, there are other substantial questions that suggest there will be claims and defenses that are not typical of the class. Indeed, "class certification should not be granted if 'there is a danger that absent class members will suffer if their representative is

ORDER ON MOTIONS FOR CLASS
CERTIFICATION - 3

preoccupied with defenses unique to it.'" *Hanon*, 976 F.2d at 508 (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)). Here, defendants have shown that plaintiffs will be substantially preoccupied with the offset defense, which is unique to them. Responding to defendants' claims that they have "stolen time" from the company by writing down more time than they truly worked, and other claims of misconduct, will divert plaintiffs from focusing on the claims of the class and will prevent them from serving as effective class representatives. Thus, they do meet the typicality requirement of Rule 23(a)(3).

The failure to meet any one of the four requirements of Rule 23(a) precludes class certification for the state law wage claims. *See Rutledge v. Electric Hose & Rubber Co.*, 511 F.2d at 673. Plaintiffs' motion for class certification of the state minimum wage act claims (Dkt. # 14) must accordingly be denied.

**II. Motion for Certification of an "Opt-In" Class Pursuant to FLSA § 216(b)**

In this motion, plaintiffs ask this Court to certify this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs' proposed collective class would consist of all current and former employees of defendants who worked for defendants from October 2003 until the present as new construction cleaners, residential cleaners, carpet cleaners, pressure washers, and janitorial workers. Defendants oppose the motion on numerous bases, including plaintiffs' failure to plead this action as a Section 216(b) collective action, and plaintiffs' failure to present evidence that they are similarly situated to the other CHS employees whom they seek to represent. Defendants contend that plaintiffs' circumstances are so unique there are no other similarly-situated employees, and therefore plaintiffs cannot maintain any claims on their behalf.

The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, sets a more lenient standard for conditional certification of a representative class than does Rule 23 of the Federal Rules of Civil Procedure. Collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit under Rule 23. *See Gerlach v. Wells Fargo & Co.*, WL 824652, slip op., at *1-3 (N.D.Cal. 2006); *Hunter v. Sprint Corp.*, 346 F. Supp.2d 113, 117 (D.D.C. 2004). Instead, a plaintiff

ORDER ON MOTIONS FOR CLASS CERTIFICATION - 4

bringing a collective action must only show that she is "similarly situated" to the other members of the proposed class, and those other members must then "opt in" to the proposed class. 29 U.S.C. § 216(b). However, neither the FLSA nor Ninth Circuit case law defines the term "similarly situated." Indeed, as noted by the Tenth Circuit Court of Appeals, there is little circuit law in general defining that term. *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001).

Although courts have taken various approaches to determine whether plaintiffs in actions such as these are "similarly situated," it appears that the district courts in this circuit have used an *ad hoc,* two-tiered approach. *See, e.g., Wynn v. National Broadcasting Co., Inc.,* 234 F.Supp.2d 1067, 1082 (C.D.Cal.2002) (noting that the majority of courts prefer this approach); *see also Thiessen,* 267 F.3d at 1102-03 (discussing three different approaches district courts have used to determine whether potential plaintiffs are "similarly situated" and finding that the *ad hoc* approach is arguably the best of the three approaches); *Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) (finding the two-tiered approach to certification of § 216(b) opt-in classes to be an effective tool for district courts to use). This Court will also follow that approach.

On this motion, the Court conducts an initial "notice stage" analysis of whether plaintiffs are similarly situated, and will determine whether a collective action should be certified for the purpose of sending notice of the action to potential class members. *See, e.g., Thiessen,* 267 F.3d at 1102. For conditional certification at this notice stage, the Court requires little more than substantial allegations, supported by declarations or discovery, that "the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102. The standard for certification at this stage is a lenient one that typically results in certification. *Wynn,* 234 F. Supp.2d at 1082.[1]

In this case, the Court finds that plaintiffs have failed to make a showing that they are similarly situated to other potential plaintiffs even under this lenient standard. Plaintiffs have produced no

---

[1] If the Court should grant conditional certification, and discovery is completed, defendant may subsequently move for decertification. On such a motion, the Court would utilize a stricter standard for determining whether the conditionally certified plaintiffs are indeed "similarly situated." *Thiessen,* 267 F.3d at 1102.

ORDER ON MOTIONS FOR CLASS
CERTIFICATION - 5

declarations or other evidence demonstrating that any other employees seek to assert the same claims as plaintiffs do here. In contrast, defendants have produced the declarations of other employees, stating that they consider their commute time to be personal time, on which they are free to do personal errands, and they do not seek compensation for it. Dkt. # 21, Declarations of Beckwith, Bjornstadt, Dickenson, Genja, Polland, Rogers. Defendants have also provided a declaration stating that the Burks were new construction cleaners, and never performed the functions of residential cleaning, carpet cleaning, or pressure washing. Dkt. # 32, Declaration of Kellie Kircher. Plaintiffs are thus not similarly situated to these other types of workers at CHS.

In the absence of declarations supporting plaintiffs' motion, and in the face of the controverting declarations filed by defendants, the Court finds that plaintiffs' allegations alone do not demonstrate that they and their fellow employees were similarly situated with respect to the claims and defenses in this complaint. They were not together the victims of a single decision, policy, or plan, and therefore plaintiffs' allegations do not support conditional certification. As a result, the Court shall deny conditional certification.

## **CONCLUSION**

The Court, having considered plaintiffs' two motions, defendants' opposition to each, plaintiffs' replies, the declarations and evidence in support of those memoranda, and the remainder of the record, hereby ORDERS:

(1) Plaintiffs' Motion for Class Certification under Rule 23 (Dkt. # 14) is DENIED; and

(2) Plaintiffs' Motion for Condition Certification under FLSA § 216(b) (Dkt. # 29) is DENIED.

(3) The Clerk shall forward a copy of this Order to all counsel of record.

Dated this 1st day of August, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS FOR CLASS CERTIFICATION - 6